# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

MATTHEW COLTEN GILMORE,

    Plaintiff,

v.

CITY OF COLLEGEDALE and               No. 1:19-cv-359
OFFICER JORDAN LONG,

    Defendants.

## ANSWER

Defendant Jordan Long hereby appears, by and through counsel, and now responds to the allegations asserted against him in the Complaint as follows:

1. To the extent the Plaintiff asserts or alleges any claims against this Defendant in paragraph 1 of the Complaint, then said claims are denied and strict proof is required thereof. This Defendant affirmatively denies that he violated the constitutional rights of the Plaintiff and, further, denies he committed any violations of the laws of the State of Tennessee as it relates to his involvement with the Plaintiff.

2. The allegations in paragraph 2 of the Plaintiff's Complaint are denied and strict proof is required thereof. This Defendant additionally and affirmatively maintains that the claims raised against him pursuant to "Tennessee common law" fail to state a claim upon which relief may be granted.

3. The allegations raised against this Defendant in paragraph 3 of the Plaintiff's Complaint are denied and strict proof is required thereof.

4. The allegations in paragraph 4 of the Plaintiff's Complaint are denied and strict proof is required thereof.

5. This matter has been removed to federal court, therefore, this Defendant admits that the federal court has jurisdiction over the federal claims raised against him. This Defendant affirmatively maintains that in the event the federal claims are dismissed depriving this Court of federal question jurisdiction, then the matter should be remanded back to state court for a resolution of the state law claims.

6. This matter has been removed to federal court. No objection is raised as to the venue of U.S. District Court for the Eastern District of Tennessee in this matter. As it relates to paragraph 6(a), this Defendant lacks sufficient knowledge and information to formulate a belief as to the truth of the matter asserted, therefore, the allegations are denied and strict proof is required thereof. As it relates to paragraph 6(b), this Defendant acknowledges that at all times relevant he was conducting his duties as a police officer with the City of Collegedale, Tennessee. As it relates to paragraph 6(c), it fails to state a claim upon which relief may be granted against this Defendant, therefore, no answer is warranted and none is given.

7. This Defendant lacks sufficient knowledge and information as to the truth of the matter asserted in paragraph 7 of the Complaint, therefore, the allegations are denied and strict proof is required thereof.

8. As it relates to paragraph 8 and subparagraphs 8(a)-(b) of the Complaint, those allegations fail to state a claim upon which relief may be granted against this Defendant.

9. As it relates to paragraph 9 and subparagraphs 9(a)-(e), those paragraphs fail to state a claim upon which relief may be granted against this Defendant, therefore, no answer is warranted and none is given. To the extent the Plaintiff may argue otherwise, then said claims are denied and strict proof is required thereof.

10. The allegations in paragraph 10 of the Plaintiff's Complaint do not relate to this Defendant. To the extent the Plaintiff may argue otherwise, then any allegations and claims raised against this Defendant are denied and strict proof is required thereof. This Defendant does admit at all times relevant he was acting in his capacity as a police officer employed by the City of Collegedale, Tennessee. This Defendant affirmatively maintains that the Plaintiff's allegations against him in his official capacity are redundant, fail to state a claim or claims against him upon which relief may be granted and should be dismissed.

11. No allegations are raised against this Defendant in paragraph 11 of the Complaint, therefore, no answer is warranted and none is given.

12. This Defendant lacks sufficient knowledge and information regarding the allegations in paragraph 12 of the Complaint pertaining to the female occupant of the Plaintiff's vehicle, therefore they are denied and strict proof is required thereof. The remaining allegations are admitted.

13. Admitted.

14. Admitted.

15. As is alleged in paragraph 15 of the Complaint, it is admitted this Defendant approached the vehicle. The remaining allegations in paragraph 15 are denied in the chronological context it is written. It is admitted only that it was after the Plaintiff resisted and he twice told the Defendant not to touch him that he inquired about the purpose of the stop.

16. It is admitted that the Plaintiff's vehicle matched portions of a vehicle reported as having been in a hit-and-run accident minutes before the stop at issue. The remaining allegations in paragraph 16 of the Complaint are denied in the chronological context they are written. This

Defendant did note and advised the Plaintiff of the similarities between the Plaintiff's vehicle and the vehicle involved in the hit and run.

17. It is admitted as part of his investigation this Defendant ordered the Plaintiff to get out of the truck. It is admitted the Plaintiff got out of his vehicle. It is denied the Plaintiff was compliant.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. This Defendant admits only that the videos show what they show and speak for themselves. The allegations in paragraph 22 of the Complaint are denied.

23. It is admitted the Plaintiff was handcuffed by this Defendant only after the Plaintiff resisted and another officer provided assistance. It is admitted the Plaintiff was not compliant with this Defendant's requests and told this Defendant to get his hands off of him. It is denied the Plaintiff said the words attributed to him in paragraph 23 of the Complaint.

24. It is admitted the Plaintiff resisted and gave probable cause to be arrested. While it is denied the Plaintiff was arrested, it is admitted he was detained briefly for investigatory purposes.

25. Admitted.

26. Admitted.

27. This Defendant denies the Plaintiff advised him he needed medical attention. It is admitted an ambulance came to the scene and the Plaintiff refused treatment and transport.

4

28. It is admitted another officer used the word "apologize" to the Plaintiff. The remaining allegations in paragraph 28 are denied.

29. It is admitted EMS arrived on the scene. The remaining allegations in paragraph 29 are denied.

30. It is denied an unidentified officer gave the Plaintiff a business card. It is admitted that this Defendant gave the Plaintiff a business card. It is admitted that this Defendant no longer works for the City.

31. This Defendant lacks sufficient knowledge and information to formulate a truth as to the matters asserted in paragraph 31 of the Complaint. Therefore, the allegations are denied and strict proof is required thereof.

32. This Defendant lacks sufficient knowledge and information to formulate a truth as to the matters asserted in paragraph 32 of the Complaint. Therefore, the allegations are denied and strict proof is required thereof.

33. This Defendant lacks sufficient knowledge and information to formulate a truth as to the matters asserted in paragraph 33 of the Complaint. Therefore, the allegations are denied and strict proof is required thereof.

34. This Defendant lacks sufficient knowledge and information to formulate a truth as to the matters asserted in paragraph 34 of the Complaint. Therefore, the allegations are denied and strict proof is required thereof.

35. This Defendant lacks sufficient knowledge and information to formulate a truth as to the matters asserted in paragraph 35 of the Complaint. Therefore, the allegations are denied and strict proof is required thereof.

36. This Defendant lacks sufficient knowledge and information to formulate a truth as to the matters asserted in paragraph 36 of the Complaint. Therefore, the allegations are denied and strict proof is required thereof.

37. The allegations in paragraph 37 of the Plaintiff's Complaint fail to state a claim against this Defendant upon which relief may be granted.

38. It is admitted only that an officer used the phrase "apologize" to the Plaintiff. It is denied the officer used it in the context set out in Paragraph 38 of the Complaint. Therefore, the allegations of Paragraph 38 are denied and strict proof is required thereof.

39. The allegations in paragraph 39 of the Plaintiff's Complaint fail to state a claim upon which relief may be granted against this Defendant. Should the Plaintiff argue otherwise, then said claims or allegations against this Defendant are denied and strict proof is required thereof.

40. This Defendant denies that Rule 10.04 of the Tennessee Rules of Civil Procedure applies in this matter as the case has been removed to federal court. This Defendant hereby adopts and incorporates by reference each and every admission or denial previously made in paragraphs 1-39. To the extent any claim against this Defendant has not been previously admitted or denied, then it is specifically denied and strict proof is required thereof.

41. This Defendant denies he used excessive force against the Plaintiff. This Defendant denies he breached any duty of care owed the Plaintiff.

42. The allegations in paragraph 42 of the Plaintiff's Complaint are denied and strict proof is required thereof.

43. The allegations in paragraph 43 of the Plaintiff's Complaint are denied and strict proof is required thereof.

44. The allegations in paragraph 44 of the Plaintiff's Complaint fail to state a claim upon which relief may be granted against this Defendant, therefore, no answer is warranted and none is given. To the extent the Plaintiff may argue otherwise, then said claims and allegations are denied and strict proof is required thereof.

45. The allegations in paragraph 45 of the Plaintiff's Complaint fail to state a claim upon which relief may be granted against this Defendant, therefore, no answer is warranted and none is given. To the extent the Plaintiff may argue otherwise, then said claims and allegations are denied and strict proof is required thereof.

46. The allegations in paragraph 46 of the Plaintiff's Complaint fail to state a claim upon which relief may be granted against this Defendant, therefore, no answer is warranted and none is given. To the extent the Plaintiff may argue otherwise, then said claims and allegations are denied and strict proof is required thereof.

47. This Defendant lacks sufficient knowledge or information about what the City may have provided to local media. This Defendant denies making false claims in his report, which was a synopsis of the event and not a specifically detailed second-by-second account, and maintains his report accurately revealed the Plaintiff played a role in opening the door, was immediately loud, vocal and hostile and resisted the Defendant's efforts by struggling and making it known to this Defendant that he better not touch the Plaintiff. The videos speak for themselves, and to the extent the Plaintiff has made claims different than that which can be seen on the videos, said claims are denied.

48. The video speaks for itself and the Plaintiff's claims in paragraph 48 of the Complaint that are contradicted by the video are denied. It is admitted this Defendant attempted to

7

Case 1:19-cv-00359-PLR-SKL   Document 5   Filed 12/17/19   Page 7 of 13   PageID #: 36


open the door and that the Plaintiff did play a roll in opening the door. The allegation in paragraph 48 that the Plaintiff was cooperative is denied.

49. No allegations are raised against this Defendant in paragraph 49 of the Complaint, therefore, no answer is warranted and none is given.

50. No allegations are raised against this Defendant in paragraph 50 of the Complaint, therefore, no answer is warranted and none is given. To the extent the Plaintiff has argued in paragraph 50 of the Complaint that Defendant Long acted in a manner that would subject himself to claims and allegations of the Plaintiff, then said assertions and claims are denied and strict proof is required thereof.

51. The allegations in paragraph 52 of the Plaintiff's Complaint are denied and strict proof is required thereof.

52. This Defendant denies that he acted in a manner that was unlawful or that he acted in a manner that would be described as "misconduct" against the Plaintiff as the same is asserted in paragraph 52 of the Complaint. Therefore, those claims made against this Defendant are denied and strict proof is required thereof. This Defendant further denies the Plaintiff suffered from injuries he is claiming in paragraph 52 of the Complaint. The remaining allegations in paragraph 52 of the Plaintiff's Complaint fail to state a claim upon which relief may be granted against this Defendant, therefore, no answer is warranted and none is given.

53. It is admitted only that this Defendant acted under color of law at all times relevant. The remaining allegations in paragraph 53 of the Plaintiff's Complaint are denied and strict proof is required thereof.

8

54. To the extent the Plaintiff is asserting allegations against this Defendant in paragraph 54 of the Complaint, then said claims and allegations are denied and strict proof is required thereof.

55. The allegations in paragraph 55 of the Plaintiff's Complaint are denied and strict proof is required thereof. This Defendant respectfully submits that when the federal claims are dismissed against him, he is entitled to a recovery of costs against the Plaintiff, including, but not limited to, attorney's fees pursuant to 42 U.S.C. § 1988.

56. The allegations in paragraph 56 of the Plaintiff's Complaint fail to state a claim upon which relief may be granted against this Defendant, therefore, no answer is warranted and none is given. To the extent the Plaintiff may argue otherwise, then said claims are denied and strict proof is required thereof.

57. This Defendant denies that Rule 10.04 of the Tennessee Rules of Civil Procedure applies in this matter as the case has been removed to federal court. This Defendant hereby adopts and incorporates by reference each and every admission or denial previously made in paragraphs 1-56. To the extent any claim against this Defendant has not been previously admitted or denied, then it is specifically denied and strict proof is required thereof.

58. The allegations in paragraph 58 of the Plaintiff's Complaint are denied and strict proof is required thereof.

59. The allegations in paragraph 59 of the Plaintiff's Complaint are denied and strict proof is required thereof.

60. The Plaintiff fails to state a claim against this Defendant in paragraph 60 of the Complaint. To the extent the Plaintiff may argue otherwise, then said claim is denied and strict proof is required thereof.

9

61. This Defendant denies that Rule 10.04 of the Tennessee Rules of Civil Procedure applies in this matter as the case has been removed to federal court. This Defendant hereby adopts and incorporates by reference each and every admission or denial previously made in paragraphs 1-60. To the extent any claim against this Defendant has not been previously admitted or denied, then it is specifically denied and strict proof is required thereof.

62. The allegations in paragraph 62 of the Plaintiff's Complaint are denied and strict proof is required thereof.

63. The allegations in paragraph 63 of the Plaintiff's Complaint are denied and strict proof is required thereof.

64. The Plaintiff fails to state a claim against this Defendant in paragraph 64 of the Complaint. To the extent the Plaintiff may argue otherwise, then said claim is denied and strict proof is required thereof.

65. This Defendant denies that Rule 10.04 of the Tennessee Rules of Civil Procedure applies in this matter as the case has been removed to federal court. This Defendant hereby adopts and incorporates by reference each and every admission or denial previously made in paragraphs 1-64. To the extent any claim against this Defendant has not been previously admitted or denied, then it is specifically denied and strict proof is required thereof.

66. This Defendant denies the allegations raised in paragraph 66 of the Complaint. This Defendant admits he stopped the Plaintiff for investigatory purposes.

67. The allegations in paragraph 67 of the Plaintiff's Complaint are denied and strict proof is required thereof.

68. The Plaintiff fails to state a claim against this Defendant in paragraph 68 of the Complaint. To the extent the Plaintiff may argue otherwise, then said claim is denied and strict proof is required thereof.

69. The Plaintiff's prayer for relief is without merit, is unsupported by the facts and law and should be denied in its entirety. The only exception is that this Defendant agrees that a jury should be impaneled to try all claims to which a jury may be allowed to sit as a trier of fact as a matter of law. Regarding the claims to which a jury is not allowed to sit as the trier of fact, such as all claims raised against this Defendant pursuant to the Tennessee Governmental Tort Liability Act, said matters should be tried without the intervention of a jury.

70. This Defendant affirmatively maintains that his actions at all times were reasonable and necessary as a matter of law. He is therefore entitled to qualified immunity pursuant to the doctrine of qualified immunity. Accordingly, he should be dismissed from this lawsuit.

71. As it relates to all state law claims, this Defendant affirmatively asserts the defense of modified comparative fault as the same has been adopted by the State of Tennessee. The trier of fact should be allowed to place percentages of fault against the Plaintiff that should bar and/or mitigate his recovery in this cause due to the Plaintiff's own actions and inactions that contributed to any injuries or damages he may be able to prove.

72. This Defendant affirmatively asserts all immunities to which he is entitled pursuant to the Tennessee Governmental Tort Liability Act, as the same is found at Tenn. Code Ann. § 29-20-101, *et seq.*, as it relates to the state law claims raised against him.

73. This Defendant affirmatively maintains that to the extent damage caps are applicable as a matter of law and apply to the various claims raised by the Plaintiff, then they are affirmatively raised as a defense. This would include, but not be limited to, tort caps.

11

74. This Defendant maintains that he is entitled to all costs and attorney's fees that may be incurred as a result of his defense in this case including, but not limited to, a recovery of all attorney's fees pursuant to 42 U.S.C. § 1988.

75. This Defendant affirmatively requests that a jury be impaneled to try this matter as it relates to all federal law claims.

76. Anything not previously admitted or denied is hereby denied as if the same is specifically set out herein.

RESPECTFULLY SUBMITTED this 17th day of December, 2019.

**OFFICER JORDAN LONG**

By: /s/ Benjamin K. Lauderback
BENJAMIN K. LAUDERBACK, BPR No. 020855
WATSON, ROACH, BATSON &
LAUDERBACK, P.L.C.
900 S. Gay St., Suite 1500
Knoxville, TN 37902

## **CERTIFICATE OF SERVICE**

   I hereby certify that a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U. S. mail. Parties may access this filing through the Court's electronic filing system.

| | |
|---|---|
| Robin Ruben Flores | Keith Grant |
| 4110-A Brainerd Road | Philip Aaron Wells |
| Chattanooga, Tennessee 37411 | ROBINSON, SMITH & WELLS, PLLC |
| | 633 Chestnut Street, Suite 700 |
| | Chattanooga, TN 37450 |

   Dated this 17th day of December, 2019.

               /s/ Benjamin K. Lauderback
               BENJAMIN K. LAUDERBACK